**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0368-18T2

W.M., on behalf of a
minor child, M.M.,

      Petitioner-Appellant,

v.

BOARD OF EDUCATION OF THE
BOROUGH OF BRADLEY BEACH,
MONMOUTH COUNTY,

      Respondent-Respondent.

_____

      Argued October 10, 2019 – Decided June 5, 2020

      Before Judges Fuentes and Mayer.

      On appeal from the New Jersey Commissioner of Education.

      W.M., appellant, argued the cause pro se.

      Daniel R. Roberts argued the cause for respondent Bradley Beach Board of Education (Kenny, Gross, Kovats & Parton, attorneys; Michael J. Gross, of counsel; Daniel R. Roberts, on the brief).

Joan M. Scatton, Deputy Attorney General, argued the cause for respondent Commissioner of Education (Gurbir S. Grewal, Attorney General, attorney; Donna Arons, Assistant Attorney General, of counsel; Joan M. Scatton, on the statement in lieu of brief).

PER CURIAM

Appellant W.M. appeals from the final decision of the Commissioner of the Department of Education that upheld respondent Bradley Beach Board of Education's decision to decline to pay for his son M.M.'s tuition to attend Shore Regional High School (Shore Regional).  We affirm.

Respondent has a send-receive arrangement that permits its resident eighth grade students to attend either Asbury Park High School or Neptune High School at no cost to the students or their family.  A student may also attend the performing arts programs at Red Bank Regional High School (Red Bank), provided he or she is accepted on an individual basis. Appellant's son M.M. applied to attend Red Bank but was not accepted.  In the interest of enhancing his son's education in dance, appellant enrolled M.M. in Shore Regional and requested respondent to pay his tuition.

Respondent denied appellant's request in a letter dated April 27, 2017. Respondent noted the school district's long term send-receive relationship with Neptune High School as the basis for the decision.  Respondent also explained that there was no unique program offered at Shore Regional, and there are no

2

unique . . . circumstances [relating] to [M.M.]" to legally sustain such payments. Appellant nevertheless enrolled M.M. at Shore Regional as a freshman for the 2017-2018 school year. On July 20, 2017, appellant filed a "Verified Petition with the [Commissioner]" challenging respondent's refusal to pay his son's tuition at Shore Regional. The case was transferred to the Office of Administrative Law for an evidentiary hearing before an administrative law judge (ALJ).

The matter came before the ALJ on the parties' cross-motions for summary decision. As framed by the ALJ, the sole issue in this case is whether appellant is entitled to reimbursement for the unilateral out-of-district placement of his son pursuant to N.J.S.A. 18A:38-15, which provides:

> Any board of education not furnishing instruction in a particular high school course of study, which any pupil resident in the district and who has completed the elementary course of study provided therein may desire to pursue, may, in its discretion, pay the tuition of such pupil for instruction in such course of study in a high school of another district.

> [(Emphasis added).]

In an Initial Decision dated June 26, 2018, the ALJ concluded respondent had not abused its discretionary authority under N.J.S.A. 18A:38-15 when it declined to pay M.M.'s tuition at Shore Regional. After reviewing the parties' exceptions to the ALJ's Initial Decision, the Commissioner concurred with the

3

ALJ's findings and adopted his legal conclusion. The Commissioner expressly rejected appellant's claim that respondent "acted in bad faith by refusing to pay for M.M. to attend Shore Regional, while at the same time paying for other Bradley Beach students to attend the dance program at Red Bank Regional."

Our review of an administrative agency's action is limited. In re Herrmann, 192 N.J. 19, 27 (2007). An administrative agency's decision will be affirmed "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Id. at 27-28. Further, the following "three channels of inquiry" guide our review of an administrative agency's decision:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Id. at 28 (citing Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

"If the agency decision satisfies these criteria, we are bound to give substantial deference to the agency's fact-finding and legal conclusions, while acknowledging the agency's 'expertise and superior knowledge of a particular field.'" Twp. Pharmacy v. Div. of Med. Assistance & Health Servs., 432 N.J.

A-0368-18T2

Super. 273, 284 (App. Div. 2013) (quoting <u>Circus Liquors, Inc. v. Governing Body of Middletown Twp.</u>, 199 N.J. 1, 10 (2009)).

Pursuant to N.J.S.A. 18A:38-1, any individual under the age of twenty who is domiciled within a school district is entitled to attend that district's public school without paying tuition. However, a board of education's decision to pay for a student's out-of-district tuition is a discretionary decision. N.J.S.A. 18A:38-15. Our courts hold that a discretionary decision by a board of education "<u>is entitled to a presumption of correctness</u> and will not be upset unless there is an affirmative showing that such a decision was arbitrary, capricious or unreasonable." <u>Parsippany-Troy Hills Educ. Asso v. Bd. of Educ.</u>, 188 N.J. Super. 161, 167 (App. Div. 1983) (emphasis added) (quoting <u>Thomas v. Morris Tp. Bd. of Ed.</u>, 89 N.J. Super. 327, 332 (App. Div. 1965)).

Based on this well-settled standard of review, we discern no legal basis to disturb the Commissioner's August 8, 2018 final decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0368-18T2